UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

| | |
|---|---|
| IN RE: | |
| LINDA S. COUGHLIN | : CHAPTER 7 |
| DANIEL F. COUGHLIN | |
|     DEBTORS | : CASE NO. 11-23168 |
| | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | |
|     MOVANT | : RE: ECF NO. |
| VS | |
| LINDA S. COUGHLIN | : |
| DANIEL F. COUGHLIN | |
|     DEBTORS | |
| JOHN J. O'NEIL, TRUSTEE | : JUNE 3, 2013 |
|     RESPONDENTS | |

## MOTION FOR RELIEF FROM STAY

The undersigned Movant, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a secured creditor of the above-named Debtor ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C. Section 362 (d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from the automatic stay imposed by 11 U.S.C., Section 362(a) ("Stay") and as grounds therefore respectfully represents the following to the Court:

1. On June 15, 2004, the Debtors executed a promissory note in the original principal amount of $1,700,000.00. The Movant is the current holder of said note and entitled to enforce the Note in accordance with C.G.S. §49-17. A copy of the Note is attached as Exhibit A.

**THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE PROPERTY. IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.**

2. To secure the note, the Debtors mortgaged the premises known as **848/850 Noank Road, Mystic, Connecticut** by virtue of a mortgage dated June 15, 2004 and recorded on June 16, 2004 in Vol. 871 at Page 832 of the Groton Land Records. A copy is attached hereto as Exhibit B. As such, the Movant is the current beneficiary of the Mortgage securing the Note, the originals of which are in Movant's possession and control, and Movant is otherwise entitled to enforce the subject Mortgage and Note pursuant to law.

3. The Movant seeks relief for the purpose of foreclosing its mortgage against the Debtor's interest in real property known as **848/850 Noank Road, Mystic, Connecticut**. The Movant further seeks relief to allow Movant or its servicing agent, at its option, to contact the Debtors by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. If the Debtors received a Chapter 7 discharge after the Movant's loan was originated, any such agreement shall be non-recourse unless included in a reaffirmation agreement.

4. The fair market value of the property is $1,500.000.00 pursuant to Debtors Schedule A. The amount of the Movant's debt is approximately $2,026,343.11 pursuant to Movant's Payoff Calculation Worksheet, plus continuing interest, late charges, collection costs, loan advances, and attorney's fees.

5. Upon information and belief no interest or principal payments are being made to the Movant by the Debtors. As of May 28, 2013 the Debtor is contractually due for March 1, 2008.

6. Pursuant to Debtor's Schedule D, the following liens encumber the Property:

   a. RCO Capital claims an interest in the property by virtue of a Mortgage in the approximate amount of $325,000.00.

   b. Town of Groton claims an interest in the property by virtue of a Sewer Lien in the approximate amount of $3,600.00.

7. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(1), for cause, including lack of adequate protection of its interest in the subject property. The Debtors have not provided adequate protection of the Movant's interest in their property on the above obligation and therefore the Movant is entitled to relief from stay pursuant to 11 U.S.C. Section 362(d)(1) for cause.

8. A party in interest is entitled to relief from stay pursuant to 11 U.S.C. §362(d)(2) if the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization. The Movant is entitled to relief from stay pursuant 11 U.S.C. Section 362 (d)(2)(A) because there is no realizable equity for the unsecured creditors and the property is not necessary for an effective reorganization.

9. The Movant requests an order allowing Movant to assess the Debtor's account with reasonable attorney's fees of up to $650 plus costs of $176 in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay. Said note and mortgage identified in Paragraph 1 and 2 above contain provisions allowing the Movant to collect reasonable attorney's

fees and costs in connection with enforcing the note and mortgage. If the Debtors received a Chapter 7 discharge after the Movant's loan was originated, such fees and costs shall be non-recourse against the Debtor unless the Movant's debt was included in a reaffirmation agreement.

10. The Movant finally requests that this court order the that Bankruptcy Rule 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement the requested order modifying the automatic stay.

WHEREFORE, the Movant requests relief from the Stay by allowing Movant to foreclose its interests in the Debtor's real property known as **848/850 Noank Road, Mystic, Connecticut**. The Movant further requests relief from stay to allow the Movant or its servicing agent, at its option, to contact the Debtors by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. If the Debtors received a Chapter 7 discharge after the Movant's loan was originated, any such agreement being non-recourse unless included in a reaffirmation agreement.

The Movant finally requests that Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant may immediately enforce the order.

Dated at Hartford, Connecticut this 3rd day of June, 2013.

THE MOVANT

By: _____
Linda J. St. Pierre, Esq.
Federal Bar No. CT 22287