UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

| | |
|---|---|
| IN RE: | |
| LINDA S COUGHLIN | : CHAPTER 7 |
| DANIEL F COUGHLIN | |
|     DEBTORS | : CASE NO. 11-23168 |
| | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | |
|     MOVANT | : RE: ECF NO. 122 |
| VS | |
| LINDA S COUGHLIN | : |
| DANIEL F COUGHLIN | |
|     DEBTORS | |
| JOHN J. O'NEIL, TRUSTEE | : |
|     RESPONDENTS | |

ORDER GRANTING JPMORGAN CHASE BANK, NATIONAL ASSOCIATION RELIEF FROM STAY

After notice and a hearing, *see* Bankruptcy Code Section 102(1), on JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (hereafter , the "Movant") Motion for Relief from Stay, (hereafter, the "Motion"), ECF NO. 122:

**IT IS HEREBY ORDERED** that the Motion is Granted - the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant and/or its successors and assigns to commence and/or continue and prosecute to resolution a foreclosure action and otherwise exercise its rights, if any with respect to real property known as **848/850 Noank Road, Mystic, Connecticut** in accordance with applicable state law and/or permit the Movant and/or its successors and assigns to contact the Debtors by telephone or written correspondence and, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, and

**IT IS FURTHER ORDERED** that the Movant may assess the Debtor's mortgage account with reasonable attorney's fees of up to $650 plus costs of $176 in connection with this Motion for Relief from Stay. If the Debtors received a Chapter 7 discharge after the Movant's

loan was originated, said attorney's fees and costs shall be non-recourse against the Debtors unless the Movant's debt was included in a reaffirmation agreement, and in the event a Chapter 7 discharge enters, no deficiency judgment will enter without further order of this court.

**IT IS FURTHER ORDERED** that the 14 day stay of Fed.R.Bankr.P. 4001(a)(3) is not applicable and the Movant may immediately enforce and implement this Order.

Dated: June 18, 2013

Albert S. Dabrowski
Chief United States Bankruptcy Judge

FULL COMPLIANCE WITH
SHORT CALENDAR PROCEDURE